UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Scott Selvey, #144218, ) | C/A No. 6:07-3400-CMC-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, Dwayne Scott Selvey ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1]  Petitioner is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Petitioner's habeas action challenges an SCDC disciplinary proceeding and seeks return of good-time credits taken as disciplinary punishment.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).  This court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, however, the petition submitted in this case is subject to summary dismissal.

## Discussion

Petitioner challenges a disciplinary judgment and punishment imposed by SCDC on February 20, 2007.  After a hearing before a Disciplinary Hearing Officer, Petitioner was found guilty of disciplinary charges and punished by one year of administrative segregation and loss of three hundred and sixty (360) days of accrued good-time credit towards reduction of his time of imprisonment.  Petitioner files this habeas action seeking to restore his good-time credits and thus reduce the length of his imprisonment.

The claims which Petitioner raises, while appropriate for a habeas action, cannot be heard by this District Court until Petitioner has *fully* exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A) (petition cannot be granted unless "the applicant has exhausted the remedies available in the courts of the State"); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973).  "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907,

910-11 (4th Cir. 1997). In order to fully exhaust state remedies in South Carolina, Petitioner must begin with prison administrative remedies, and then appeal the final SCDC decision through state court procedures promulgated in the South Carolina Administrative Procedures Act ("APA"), S.C. Code Ann. § 1-23-310 through 1-23-400.

Prison administrative remedies involve the inmate grievance procedures established by SCDC. To challenge a disciplinary decision an inmate must initiate a grievance through a Step One grievance, to which the Warden responds. If the inmate is not satisfied with the Warden's response, the inmate must file a Step Two grievance, to which a responsible official will respond. The decision of the responsible official is the final decision of SCDC. These administrative remedies must be satisfied before an inmate can pursue state court remedies. See *Al-Shabazz v. S.C.*, 527 S.E.2d 724 (S.C. 2000); and *Sullivan v. SCDC*, 586 S.E. 2d 124 (S.C. 2004). The petition reveals both Step One and Step Two of Petitioner's prison administrative remedies have been completed.

To exhaust state court remedies, an inmate must appeal the final decision of SCDC pursuant to the APA. *Al-Shabazz v. S.C.*, 527 S.E.2d at 754-55 (S.C. 2000). If an inmate is not satisfied with the agency's final decision, the prisoner must file an appeal with the Administrative Law Court ("ALC"). S.C. Code Ann. § 1-23-380; *Futrick v. South Carolina Dept. of Corrections*, 649 S.E. 2d 35 (S.C. 2007) (ALC has jurisdiction in appeal of SCDC final decision concerning disciplinary matter involving loss of statutory sentence-related credits). Petitioner appealed the final SCDC decision to the ALC, which dismissed Petitioner's appeal on procedural grounds.

If the decision of the ALC is not favorable, an inmate must then pursue review by the South Carolina Court of Appeals in accordance with the APA. S.C. Code Ann. § 1-23-380(A)("Except as otherwise provided by law, an appeal is to the court of appeals."). Appeal of an ALC decision involving a final decision of SCDC is required to exhaust state court remedies for § 2254 purposes. The petition is clear that Petitioner appealed to the ALC, but did not appeal to the Court of Appeals.[2] Thus, Petitioner has failed to exhaust his state court remedies and his petition should be dismissed.

## Recommendation

Accordingly, it is recommended that the § 2254 petition in this case be dismissed *without prejudice* and without requiring the respondents to file a return.

s/William M. Catoe<br>
United States Magistrate Judge

November 9, 2007
Greenville, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***

---

[2] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1999). A federal court, however, is precluded from hearing a procedurally defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Matthews v. Evatt*, 105 F.3d at 916 (*quoting Cloeman v. Thompson*, 501 U.S. at 750.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).